http://www.va.gov/vetapp16/Files5/1639942.txt

Citation Nr: 1639942 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 11-28 681 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan

THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities

REPRESENTATION

Appellant represented by: Sean Kendall, Attorney at Law

ATTORNEY FOR THE BOARD

T. Adams, Counsel

INTRODUCTION

The Veteran served on active duty from August 1954 to February 1958.

This matter is on appeal from rating decisions issued in April 2009 and April 2010 by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

The Veteran requested to be afforded a Board hearing on his April 2013 VA Form 9, scheduled for September 2014. However, he failed to appear and he has not since asked for it to be rescheduled. Accordingly, the hearing request is deemed withdrawn. See 38 C.F.R. § 20.704 (d) (2015).

In October 2014, this case was remanded for further development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As noted in the Introduction, in October 2014, the Board remanded the TDIU claim, for further development. On review of the electronic claims file, it does not appear that RO has complied with all of the October 2014 Board remand orders.

In this regard, pursuant to the Board's remand, in November 2014 a VA examination was scheduled and an opinion was requested to address the severity of his back disability and its effect on his employability. The examiner was also asked to address whether the Veteran had any neurological abnormalities associated with his back disability that would warrant a separate evaluation. However, it appears that due to the Veteran's dementia and Alzheimer's he was unable to attend the examination. 

In a June 2012 letter, the Veteran's representative indicated that he was very ill. The Veteran cannot be penalized for the fact that he is unable to attend a VA examination due to his health. 

The Board agrees. 

As it appears that the Veteran may physically unable to attend a VA examination, on remand, a VA examining physician should be asked to review the claims file and address whether the Veteran has any neurological abnormalities associated with his back disability that would warrant a separate evaluation. The examiner physician should also comment on his ability to function in an occupational environment and described any functional impairment caused solely by his service-connected back disability. 

If the Veteran is awarded a separate evaluation for a neurologic abnormality related to the service-connected back disability, the RO should again consider entitlement to a TDIU.

If the Veteran is not awarded a separate evaluation then the RO shoulder consider whether an extraschedular TDIU or back disability rating, is warranted.

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide pertinent records from the VBMS claims file to a VA examiner who should determine whether a new VA examination is warranted in order to provide an opinion. 

If an examination is required, arrange for the examination to be conducted at the Veteran's nursing home or other care facility and request an evaluation be completed by facility medical staff.

The claims file, including a copy of this remand, must be made available to the examiner for review who should indicate that the claims file was reviewed.

If possible based on the treatment records (the Veteran is very ill), the examiner is asked to provide an opinion as to whether there are any neurologic abnormalities, to include radiculopathy, that are associated with the Veteran's back disability.

The examiner should also comment on the effect of the Veteran's service-connected disabilities on his ability to engage in any type of full-time employment and whether the Veteran is unable to secure or follow a substantially gainful occupation as opposed to employment that would only be considered marginal, due to his service-connected disability(ies).

The examiner should consider and address the October 2000 private opinion and July 2012 RO hearing testimony regarding his inability to work due to his back disability.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Since it is important 'that each disability be viewed in relation to its history[,]' 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

The examiner should note that consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by a nonservice-connected disability. 

The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. His age and nonservice connected disabilities may not be considered. 

2. After the foregoing has been completed, refer the Veteran's claim to the Director, Compensation and Pension Service, for consideration of an extra-schedular TDIU award (38 C.F.R. § 4.16(b)) and/or whether an extraschedular evaluation should be granted for the Veteran's back (38 C.F.R. § 3.314(b)). This referral should include a full statement of the Veteran's service-connected disabilities, as well as his employment, educational, and medical histories.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim for entitlement to a TDIU should be readjudicated based on the entirety of the evidence, on both a schedular (if needed) and extra-schedular basis- both for the issue of TDIU (38 C.F.R. § 4.16 (b)) and for just the back (38 C.F.R. § 3.321 (b)).

If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).